Filed 3/26/21  P. v. Davis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEE DILL DAVIS,<br><br>Defendant and Appellant. | F079092<br><br>(Tulare Super. Ct. Nos. VCF353789 & VCF367417)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Meehan, Acting P.J., Snauffer, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Lee Dill Davis pleaded no contest to a series of Vehicle Code offenses after separate incidents of driving while intoxicated. He was sentenced to three years in prison and the court imposed a restitution fine, fees, and assessments.

On appeal, the parties agree the one-year term imposed for a prior prison term enhancement must be stricken and the matter remanded for resentencing. They also agree the court erroneously calculated some fees and assessments, and the abstract of judgment must be corrected. Defendant separately argues the court improperly ordered him to pay a restitution fine and other fees in violation of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

We order the prior prison term enhancement stricken and remand the matter for resentencing and other appropriate proceedings.

## FACTS

### Case No. VCF353789[1]

On July 24, 2017, officers with the Tulare Police Department responded to a possible hit and run call where a fire hydrant was damaged, and water was spilling into the street. A witness reported that a vehicle crashed into the hydrant and described a 1990's Chevrolet Camaro. Another witness provided an address for the vehicle's location.

The officers responded to a residence and found the vehicle, which was missing the front right tire. There were several people outside, and they reported the driver was inside. An officer entered the residence and found defendant lying face down on the living room floor. The officer was able to wake defendant, who was extremely intoxicated. The officer asked if the car had been hit, and defendant said it was and admitted driving it. Defendant was arrested and refused to submit to a chemical test.

---

[1] The facts for case No. VCF353789 are from the probation report.

At the time of this case, defendant had five prior convictions for driving under the influence of alcohol (DUI), and his driving privilege had previously been suspended or revoked for driving under the influence.

### *The charges*

On July 26, 2017, a complaint was filed in the Superior Court of Tulare County charging defendant with count 1, driving under the influence of alcohol with prior convictions (Veh. Code, § 23152, subd. (a)), with special allegations that he refused a chemical test (Veh. Code, § 23577) and had a prior prison term enhancement (Pen. Code, § 667.5, subd. (b));[2] count 2, misdemeanor hit and run (Veh. Code, § 20002, subd. (a)); count 3, misdemeanor driving while his license was suspended with prior convictions, with prior convictions (Veh. Code, § 14601.2, subd. (a)); and count 4, misdemeanor driving a vehicle not equipped with a functioning ignition interlock device while under restricted driving privileges and ordered not to drive (Veh. Code, § 23247, subd. (e)).

### *Plea and sentence*

On August 4, 2017, defendant pleaded no contest to counts 1, 2, and 3; and admitted five prior DUI convictions and the special allegation for refusing a chemical test. The court granted the People's motion to dismiss count 4 and the prior prison term enhancement.

Pursuant to the plea agreement, the court referred defendant to felony DUI court. The court advised defendant that if he were found not to be suitable, it would impose a three-year term, suspend that term, and place him on probation for five years with service of one year in jail. If he violated probation, he would be sentenced to two years in prison. Once released from prison, he would be under parole supervision for three years. If he violated parole, he would serve another year in prison.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

The court also advised defendant that the minimum fine was $390, and the maximum was $10,000. His driving privilege would be revoked, and he had to successfully complete a DUI class. Defendant stated he understood the court's advisements.

### *DUI court*

On August 24, 2017, defendant was accepted to felony DUI court and placed on probation for three years for count 1 subject to certain terms and conditions, including submitting to chemical tests, not to use or drive with a measurable amount of alcohol or drugs, and install an ignition lock. The court dismissed the other counts.

The court imposed a restitution fine of $600 (§ 1202.4, subd. (b)) and suspended the probation revocation fine of $600 pending the successful completion of probation (§ 1202.44).

The court also imposed a court operations assessment of $120 (§ 1465.8), a criminal conviction assessment of $90 (Gov. Code, § 70373), "base[d] on your present and future ability to pay," and $250 for preparation of the presentence investigation report.

The court ordered restitution to the victim, the City of Tulare, of $581.86 (§ 1202.4, subd. (f)). The court imposed a fine of $2,594 and imposed and stayed a fine of $1,385; the parties agreed to the breakdown of the fines as stated in the probation report.

On November 30, 2017, the court was advised that defendant had tested positive for alcohol and cocaine.

On December 14, 2017, defendant tested positive for alcohol and/or drugs. On January 18, 2018, defendant was admonished for testing positive five times for drugs and alcohol.

On February 22, 2018, the court held a hearing about defendant's violations of the terms of felony DUI court. The court ordered him to serve 14 days in jail. On March 8,

2018, the court released defendant from custody and ordered him to resume treatment and testing.

On April 5, 2018, the court found defendant tested positive for alcohol two more times.

On April 19, 2018, defendant failed to appear in DUI court and a bench warrant was issued.

**Case No. VCF367417[3]**

On May 29, 2018, a woman reported to the police that a truck hit the back of her car causing damage. Both vehicles pulled to the side of the road. The woman tried to speak to the driver of the other vehicle, later identified as defendant. She could smell alcohol emitting from him, and he appeared intoxicated. Defendant stared at her and drove away.

The officers responded to a nearby street where the same vehicle had crashed into an outer wall of a house. Defendant was sitting in the driver's seat, and the airbags had been deployed. A strong odor of alcohol was coming from him, and he was bleeding profusely from lacerations on his head. The resident of the home did not appear to know defendant.

Defendant was taken to the hospital for treatment of his injuries. An officer met with him at the hospital and advised him of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and he nodded that he understood his rights. The officer asked defendant if he had been drinking in his car. Defendant nodded no. The officer asked if he had been drinking at home, and defendant nodded yes. The officer asked if he would submit to a chemical test and defendant nodded yes. His blood-alcohol content was 0.28 percent.

---

[3] The facts for case No. VCF367417 are from the preliminary hearing testimony.

Defendant was still wanted on the bench warrant for absconding in the prior case. He was cited, released, and ordered to return to DUI court.

### *The charges*

On July 2, 2018, a complaint was filed in case No. VCF367417 that charged defendant with count 1, driving under the influence of alcohol with five prior convictions (Veh. Code, §§ 23152, subd. (a), 23550, 23550.5); count 2, driving with a blood-alcohol content of 0.08 percent or more (Veh. Code, § 23152, subd. (b); count 3, misdemeanor hit and run; count 4, misdemeanor driving while his license was suspended with three prior convictions (Veh. Code, § 14601.2, subd. (a)); and count 5, misdemeanor unlawful operation of a vehicle not equipped with an ignition lock device while his driving privilege was suspended and under court order (Veh. Code, § 23247, subd. (e)).

As to counts 1 and 2, it was alleged that his blood-alcohol content was 0.15 percent or more (Veh. Code, § 23578), and he had one prior prison term enhancement (§ 667.5, subd. (b)).

On July 12, 2018, the court found defendant failed to comply with the terms of felony DUI court based his commission of the new offenses and revoked his probation in case No.VCF353789. On August 1, 2018, he was remanded into custody on that case.

### *Preliminary hearing*

On September 10, 2018, the preliminary hearing was held in case No. VCF367417. The court held defendant to answer and denied defendant's motion to suppress his statements and the results of his blood test. Defendant remained in custody.

On September 13, 2018, an information was filed that alleged the same charges and enhancements as the complaint.

### *Plea*

On February 6, 2019, defendant pleaded no contest in case no. VCF367417 to count 1, driving under the influence with prior convictions, and admitted the prior prison term enhancement. The court stated that it would dismiss the other charges.

6.

Based on his plea in case no. VCF367417, the court found defendant violated probation in case no. VCF353789 and stated it would sentence him to a total of three years in prison for both cases.

## SENTENCING HEARING FOR BOTH CASES

On March 6, 2019, the court conducted the sentencing hearing for both cases.

**Defendant's objection to the fines and fees**

Defense counsel asked the court to stay any fines or fees that were going to be imposed until it held a hearing on defendant's ability to pay, pursuant to the recently decided opinion in *Dueñas*.[4]  The court stated that it would hold the hearing at that time if convenient, and counsel agreed.

Defendant was sworn and only the court questioned him.  Defendant testified he did not have a bank account, did not own property, and lived with his brother.  The court interrupted and stated:  "All right.  That's all I need to know."

**Case no. VCF367417**

The court began with case No. VCF367417 for count 1, felony driving under the influence with prior convictions in violation of Vehicle Code section 23152, subdivision (a).  The court stated that it could "use the aggravated term [for count 1] or use the mid-term and impose one year" pursuant to the prior prison term enhancement for an aggregate term of three years.  The court asked defense counsel if there was a preference.  Defense counsel requested "the two years plus the prison prior."

The court sentenced defendant to the midterm of two years in prison for count 1, plus a consecutive one-year term for the prior prison term enhancement, for an aggregate term of three years.

---

[4] *Dueñas* was decided on January 8, 2019.  (*Dueñas, supra,* 30 Cal.App.5th 1157.) At the time of defendant's sentencing hearing, no other published case had addressed the issues discussed in *Dueñas*, and a petition for review had been filed but was not denied until March 27, 2019.

Also, as to case No. VCF367417, the court imposed a $350 restitution fine (§ 1202.4, subd. (b)); suspended the $350 parole revocation fine (§ 1202.45); and imposed a $40 court operations assessment fee (§ 1465.8) and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

The court further stated it was imposing "[f]ees, fines, and penalty assessments as a result of the DUI" of $2,539, with the individual amounts specified in the probation report.

The abstract of judgment states the entirety of the fine of $2,539 was imposed pursuant to Vehicle Code section 23536, while the minute order states it consisted of the laboratory analysis fee.

According to the probation report, the $2,539 amount was based on a $650 fine under Vehicle Code section 23536; $650 as a state penalty assessment under section 1464, subdivision (a); $325 as a criminal justice facilities construction fund penalty assessment under Government Code section 76000; $130 under the Maddy Emergency Medical Services Fund Penalty Assessment pursuant to Government Code section 76000.5; $325 as a state court construction penalty assessment pursuant to Government Code section 70372; $130 as a criminal fine surcharge under section 1465.7; $65 as a DNA identification fund penalty assessment pursuant to Government Code section 76104.6; $260 as an additional DNA penalty assessment pursuant to Government Code section 76104.7; and $4 for the emergency medical air transportation and children's coverage fund pursuant to Government Code section 76000.10, with the amounts to be collected by the California Department of Corrections and Rehabilitation who shall disburse such amounts, as received, in the manner prescribed by law.

**Case No. VCF353789**

In case No. VCF353789, the court terminated defendant's probation and sentenced him to the upper term of three years for count 1, concurrent to the term imposed in case

No. VCF367417, with no time imposed for count 2, and credit for time served for count 3.

As to this case, the court imposed a restitution fine of $600 (§ 1202.4, subd. (b)), ordered payment of the previously imposed probation revocation fine of $600 (§ 1202.44), and suspended the parole revocation fine of $600 (§ 1202.45). It also imposed $120 for the court operations assessment fee (§ 1465.8); and $90 for the criminal conviction assessment fee (Gov. Code, § 70373). The court restated the previously imposed victim restitution to the City of Tulare of $581.96 (§ 1202.4, subd. (f)).

The court further imposed a total fine of $2,594 as stated in the probation report. The abstract and minute order stated the entirety of this amount was imposed pursuant to Vehicle Code section 23536.

According to the probation report, this fine consisted of a $650 fine under Vehicle Code section 23536; $650 as a state penalty assessment under section 1464, subdivision (a); $325 as a criminal justice facilities construction fund penalty assessment pursuant to Government Code section 76000; $130 as a Maddy Emergency Medical Services Fund Penalty Assessment pursuant to Government Code section 76000.5; $325 as a state court construction penalty assessment pursuant to Government Code section 70372; $130 as a criminal fine surcharge pursuant to section 1465.7; $65 as a DNA identification fund penalty assessment pursuant to Government Code section 76104.6; $260 as an additional DNA penalty assessment pursuant to Government Code section 76104.7; $4 as an emergency medical air transport fund penalty assessment pursuant to Government Code section 76000.10; and $55 as an installment fee pursuant to section 1205, subdivision (d), with $100 to be paid within 30 days after release from custody or being placed on the electronic monitoring program, and $100 to be paid each month thereafter, until the entire amount has been paid.

9.

Finally, the court found defendant did not have the ability to repay the costs of his defense.[5]

On April 2, 2019, defendant filed timely notices of appeal in each case.

## DISCUSSION

### I.     Remand for Resentencing

Defendant contends, and the People agree, the prior prison term enhancement must be stricken in case No. VCF367417.  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b), to provide that the one-year prior prison term enhancement only applies when there is a prior separate prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)

"By eliminating the one-year enhancement for prior prison terms that were not imposed for sexually violent offenses, the newly amended section reduces the punishment for such offenses.  [¶]  Because [the defendant's] conviction is not yet final, he is entitled to the retroactive benefit of the change in law." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

The parties agree that defendant's prior prison term enhancement was based on his prior conviction for driving under the influence (Veh. Code, § 23152, subd. (b)), it was not a sexually violent offense, and his admission and the one-year term imposed must be stricken.

---

[5] Section 987.8 provides that a court may order a defendant to reimburse the government for the costs of court-appointed counsel if the defendant has the ability to repay such amount.  (§ 987.8, subds. (b), (c)(1).)  "[T]here is 'a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs.' [Citation.]  To rebut this presumption, there must be 'unusual circumstances.' [Citation.]  And the court 'must make an express finding of unusual circumstances before ordering a state prisoner to reimburse his or her attorney.' [Citations.]" (*People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

The parties also agree the matter must be remanded for resentencing. At the sentencing hearing, the court stated that in case No. VCF367417, it would impose a sentence of three years, consistent with the original plea agreement, by either using the aggravated term for count 1, felony driving under the influence with prior convictions (Veh. Code, § 23152, subd. (a)) or using the midterm for count 1 plus one year for the prior prison term enhancement. The court asked defense counsel if there was a preference, and counsel requested "the two years plus the prison prior." The court granted the request and sentenced defendant to the midterm of two years in prison for count 1, plus a consecutive one-year term for the prior prison term enhancement, for an aggregate term of three years.

We thus remand the matter for the court to exercise its discretion and resentence defendant by striking the prior prison term enhancement and imposing sentence consistent with the plea agreement.

## II.     The Restitution Fine, Fees, and Assessments

Both parties agree the court improperly relied on Vehicle Code section 23536 to impose the fines of $2,539 in case No. VCF367417, and $2,594 in case No. VCF353789. As noted by the parties, Vehicle Code section 23536, subdivision (a) sets forth the punishment for first time offenders of Vehicle Code section 23152, but defendant had been convicted of multiple qualifying offenses.

Respondent states the fines could have been imposed under either Vehicle Code sections 23550 or 23550.5, but the fine of $2,594 in case No. VCF353789 was beyond the range of both statutes.

In addition, respondent states the abstract of judgment was required to specify the appropriate amounts and statutory basis for all the fines, fees, and assessments. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 ["Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law

11.

does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.]"].)

Respondent also states the abstract must be corrected to mark the box in paragraph 4 to state whether the defendant was sentenced "to county jail per [Penal Code section] 1170 [subdivision] (h)(1) or (2)" or "to prison per [Penal Code sections] 1170 [subdivision] (a), 1170.1 [subdivision] (a) or 1170 [subdivision] (h)(3)."

Finally, defendant contends the court improperly imposed the restitution fine and the other fees and assessments in violation of *Dueñas*, his constitutional right to due process, and the Eighth Amendment's prohibition against excessive fines. *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)[6] *Dueñas* further held the assessments under section 1465.8 and Government Code section 70373 may be "imposed only on those with the means to pay them" (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168–1169), and "that although the trial court is required by … section 1202.4 to impose a restitution fine, the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay" (*id.* at p. 1172).

We conclude it is unnecessary to reach defendant's *Dueñas* arguments since the matter must be remanded for resentencing and for the court and the parties to address the fines, fees, and assessments.

## DISPOSITION

The matter is remanded for resentencing and further appropriate proceedings.

---

[6] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)